UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:    Lillian M. McKethan<br>                        Debtor<br><br>Fay Servicing, LLC as Servicer for<br>U.S. Bank Trust National Association,<br>not in its individual capacity, but solely<br>as Trustee of LSF9 Master<br>Participation Trust<br>v.<br><br>Lillian M. McKethan<br>Estate of Pearl L. Farrell<br>Kenneth E. West<br>                        Respondents | CASE NO.: 25-14671-amc<br><br>CHAPTER 13<br><br>Judge: Ashely M. Chan<br><br>Hearing Date: April 21, 2026, at 11:00 A.M.<br><br>Objection Deadline: April 14, 2026 |

**MOTION FOR RELIEF FROM THE
AUTOMATIC STAY AND CO-DEBTOR STAY**

Fay Servicing, LLC as Servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust (on behalf of itself and together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362 (d)(1) and (d)(2); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises located at 7601 BROOKHAVEN RD, Philadelphia, PA 19151 ("Property"); vacating the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a) and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1.      Movant is the holder of a Note executed by Pearl Farrell dated January 19, 2007, whereby Pearl Farrell promised to repay $153,200.00 plus interest to Fremont Investment & Loan (the "Original Lender"). To secure the repayment of the Note, Pearl Farrell executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Fremont

Investment & Loan, encumbering the Property commonly known as 7601 BROOKHAVEN RD, Philadelphia, PA 19151,  which Mortgage was recorded in the Official records of Philadelphia County as Document ID#51628533 (hereinafter "Mortgage"). Other than liens with statutory priority, Movant's mortgage is in first lien position. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. Pearl Farrell entered into a Loan Modification Agreement, effective August 1, 2016, which created a new principal balance in the amount of $138,559.11. Pearl Farrell entered into a Second Loan Modification Agreement, effective December 1, 2017, which created a new principal balance in the amount of $138,216.39.  A copy of the Note, Mortgage and Loan Modification Agreements, Assignments of Mortgage are attached hereto as **Exhibit A**.

2.       The Petition under Chapter 13 of the United States Bankruptcy Code was filed by the Debtor Lillian M. McKethan on November 17, 2025.

3.       This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

4.       Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.       The Debtor has failed to make current mortgage payments due under the terms of the Loan. As a result, the Loan remains post-petition due for December 1, 2025, and each subsequent payment thereafter.

6.       Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

7.       Specifically, courts have found cause for the granting of relief from an automatic

stay where the debtor has failed to make post-petition mortgage payments as they become due. In Re Taylor, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

8.    Relief pursuant to 11 U.S.C. § 362(d)(2) is also appropriate due to the lack of equity in the Property. The Debtor's outstanding amount of the obligations to Movant, less any partial payments or suspense balance, is approximately $213,714.90 as of March 11, 2026.

9.    A According to the Debtor's Schedule D, the Property has a value of $219,200.00. Thus, by the Debtor's own admission, and based upon the above, there is an inadequate equity cushion remaining for the benefit of the bankruptcy estate. Any equity that does exist continues to erode as interest continues to accrue each month that another payment is missed. Furthermore, there is likely to be no equity, or no non-exempt equity, accounting for any exemption to which the Debtor may be entitled.

10.    Movant will be irreparably injured by continuation of the co-debtor stay imposed under 11 U.S.C. § 1301(a) absent payments from the Debtor and/or Co-Debtor. As such, the co-debtor stay should be lifted pursuant to 11 U.S.C. § 1301(c)(3), and Movant should be permitted to proceed against the Co-Debtor.

11.    Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the co-debtor stay imposed under 11 U.S.C. § 1301(a) of the Bankruptcy Code be modified and terminated for cause to permit Movant to pursue its rights against the Co-Debtor under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

12.    Movant respectfully requests reasonable attorney fees in the amount of $1,350.00 and costs in the amount of $199.00.

13.     In addition, Movant requests an Order allowing Movant to offer and provide Debtors with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with the Debtors without further order of the court.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay and for such other, further and additional relief as to this Court may deem just, proper and equitable.

Dated: March 31, 2026
By: /s/ Lauren M. Moyer
Lauren M. Moyer, Esq.
**FRIEDMAN VARTOLO LLP**
Attorneys for Fay Servicing, LLC as Servicer for
U.S. Bank Trust National Association, not in its
individual capacity, but solely as Trustee of LSF9
Master Participation Trust
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com